## Evans v. Thomas et al.
(Decided June 18, 1937.)

296

W. E. JONES for appellant.

BAIRD & GARNETT and J. WOOD VANCE for appellees.

OPINION OF THE COURT BY DRURY, COMMISSIONER—Affirming.

On December 8, 1934, D. S. Hardin began this action against Mrs. Dorcas Thomas to enforce a mechanic's lien and he made R. E. Evans and three others parties, alleging they claimed some interest in the property. R. E. Evans answered and claimed the ownership of a part of it. That issue of ownership was tried out and decided in favor of Mrs. Thomas. R. E. Evans alone appeals, and Mrs. Dorcas Thomas and W. J. Ford and P. L. Sampson are the appellees.

### The Facts.

On May 12, 1910, R. E. Evans bought of Henry Duff a farm on the west side of the Jackson highway as then located and about 1 mile north of Glasgow and commonly known as the "Rousseau Farm." That Mr. Evans moved onto this farm shortly after he bought it and has since lived on it is not disputed, and the sole question is, Has he sold any of it, and, if so, how much?

The Jackson highway, as formerly located traversed a rather winding course, but when, about the year 1921, its reconstruction was proposed, it was deemed wise to make such relocation of it as would more nearly straighten it and eliminate as many curves as possible.

In making such relocation, two small tracts of Mr. Evans' Rousseau farm, aggregating about ½ an acre, were cut off from his main tract and left on the

east side of the Jackson highway as relocated, and a portion of Mr. Evans' farm was used in building the relocated highway.

## Mrs. Thomas' Title.

It is alleged by Mrs. Thomas that Evans conveyed to Barren county the two small pieces, aggregating about ½ acre, that had been cut off of the Rousseau farm by the relocation of the Jackson highway. Evans denied making any such conveyance and that is the question in this case.

On July 4, 1921, pursuant to an order of the Barren county fiscal court, Paul Greer, the county attorney of Barren county, by deed (now of record in deed book 96 at page 78) conveyed these two small parcels of land (one containing .23 of an acre, and the other .33 of an acre or a total of .56 of an acre) to J. Elmer Dean.

These two small tracts were included in a boundary of 94 acres conveyed by J. Elmer Dean et al to W. J. Ford and P. L. Sampson on March 1, 1932.

W. J. Ford and P. L. Sampson, on February 7, 1933, by deed in deed book 96, page 84, conveyed to Mrs. Dorcas Thomas a boundary of 20 acres, including these two small pieces aggregating .56 of an acre.

There is but one dispute in this case and that is, Has Evans ever parted with his title, to these two small pieces of land by conveying them to Barren county? If he has, then Mrs. Thomas has shown her acquisition of that title and the judgment in her favor should be affirmed, for the chancellor found, "That the defendant R. E. Evans and Mrs. R. E. Evans executed and delivered to Barren county, Kentucky, a deed for said premises, and that said deed has been lost or misplaced."

To reverse that finding, there must be in this record enough to raise more than a doubt of its correctness, for the presumption on all appeals is that the judgment is correct, and the judgment must stand unless that presumption is overcome.

## Did Evans Deed this Half Acre to Barren County?

All the written evidence we have of this is a paper (copied below) which was signed by a number of property owners including Evans at the time the improvement of the Jackson highway was being considered:

298

"To the Honorable Fiscal Court of Barren County.

"I, H. D. Palmore, representing the State Highway of Kentucky and V. H. Jones, County Attorney of Barren County have entered into an agreement with the following land owners who own land on or adjacent to the Federal Aid Project number 28A and 28B for damages which will be done their property, agreeing to pay the following sums.

| | |
|---|---|
| Smith, Sarah (Right of Way) 1921 levy | $ 5.00 |
| Geralds, Mrs. J. L. (Right of Way) 1921 levy | 150.00 |
| Evans, R. E. (½ acre deed) 1921 levy | 25.00 |
| Jones, R. L. T. (½ acre deed) 1921 levy | 200.00 |
| Walter, Moss (Right of Way) 1921 levy | 400.00 |
| Nunn, Henry (½ acre deed) 1921 levy | 62.50." |

This paper was on March 7, 1921, presented to the Barren fiscal court, the county attorney approved it, and an order was made directing the sums named in it to be paid to the parties who had signed it out of the tax levy of 1921, and on December 12, 1922, Mr. Evans was paid his $25.

Mr. Evans in his testimony says this of that paper:

"Q. Did the county obtain a right of way from you to go through your land? A. I gave them some kind of something permitting them to go through. They paid me $25.00 for the damage they had done me. * * *

"Q. Did you execute a deed to the county? A. I executed something, no deed, just give them a written power to go through. * * *

"Q. Did the county pay you? A. Paid me $25.00."

Evans testified he had never relinquished his claim to these two small pieces of land thus cut off from his farm. They just lay there uncultivated and unused, except some material was taken from each of them and used in the construction of the relocated highway, leaving in each a borrow pit or hole, and things so remained until May or June, 1932, when Vernon Black and William Henry Jones, under a lease from Ford and Sampson, began the erection of a small building 10x12 for use as a gasoline service station upon a portion of the abandoned right of way of the Jackson highway as formerly located. Evans claimed this aban-

doned highway was a part of his land which reverted to him when its use as a highway was discontinued and he so notified Jones, and, after that notice, these parties discontinued their building operations and their use of the property.

In November, 1933, Edgar Richey leased it from Mrs. Thomas and began in 1934 the extension of this building and the operation of a road house and restaurant and it was for work and materials so used that Mr. Hardin, for the enforcement of mechanic's lien, began this suit, out of which this appeal has grown, but the question of liens upon this land is not involved on this appeal. Richey admits that as soon as he began his building operations Evans notified him of his ownership, but he gave no heed to the notice, and shortly after that this action was begun. There is no proof Evans every gave any notice to any of the appellees of his ownership of the premises.

The only other evidence is that on several occasions Evans was in the county clerk's office looking to see if a deed from him to the county was recorded there, which inquiry was possibly caused by his knowledge that the county had conveyed this property to J. Elmer Dean on July 4, 1921, by a deed reciting that "The title to said land was derived by Barren county from R. E. Evans and Henry Nunn by deeds of record in Barren County Court Clerk's office in Deed Book No. —— and page —— and dated —— day of ——." Nunn testified he made a deed to the county, but that deed is not in this record.

### Adverse Possession.

Mrs. Thomas relies on section 2513, Ky. Stats., and insists she has acquired title, by adverse, possession, as remote vendee of the county, an arm of the commonwealth, but she had no residence upon this property as that statute requires.

### Conclusion.

If Evans had not parted with his title, it seems somewhat strange he should allow the large borrow pits to be made on this land in the construction of the relocated highway, and had taken no active steps since 1921 to assert his ownership of the property.

The evidence is by no means satisfactory, but it raises nothing more than a doubt in our minds. The

paper Evans admits signing indicates Evans, Jones and Nunn were to make deeds and Nunn says he did do so. The chancellor was on the ground, he personally viewed the premises, knew personally the witness who testified, and we do not feel warranted in disturbing his finding.

Judgment affirmed.